By the Court.
 

 The one assignment of error requiring the attention of this court relates' to the following charge of the trial court to the jury:
 

 “The purpose of the indictment is to apprise the defendants of the nature of the charge against them. That is the purpose of the indictment, that they may be fully cognizant of what the state charges them with, so that they can disprove it if they can.”
 

 The defendant’s complaint is predicated upon the language “so that they can disprove it if they can.” The state makes no contention that this' constitutes a correct statement of the law. Rather it is urged that at the moment the questioned language was used the court was not charging the jury upon the burden of proof but was merely explaining the purpose of an
 
 *363
 
 indictment. Furthermore it is contended by the state that elsewhere in the charge the trial court gave a correct instruction as to the burden of proof. An examination of the record discloses that the charge did include a correct instruction on the subject. But does this fact render the incorrect language innocuous? Irrespective of the primary purpose of the court at the moment the questioned charge was given, the indictment was thereby accorded an unwarranted force which could not well be considered as eliminated by mere inference drawn from conflicting language.
 

 Under the circumstances in this ease this court is of the opinion that the natural and probable result of the erroneous instruction was to confuse the jury on this important subject. The judgment therefore must be reversed and the cause remanded for retrial.
 

 Judgment reversed cmd cause remanded.
 

 Wbygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.